## 16918

**H. S. KNIGHTON and TOY TAYLOR, d/b/a CITY MOTOR COMPANY v. JOHN A. BRAMLETT, JR., and MYRTLE PICKELSIMER BRAMLETT**

(83 S. E. (2d) 753)

*Clement L. McEachern, Esq.,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

October 7, 1954.

TAYLOR, Justice.

The question in this appeal is whether or not attorneys' fees are allowable as damages upon the dissolution of an attachment and if such are allowable and not requested at the time of the dissolution of the attachment does the doctrine of estoppel or waiver apply so as to preclude the recovery of such in a separate suit.

On or about November 13, 1952, under Section 10-908, Code of Laws for South Carolina, John A. Bramlett, Jr., sued out a writ of attachment on one Chevrolet car then on the lot of H. S. Knighton and Toy Taylor, d/b/a City Motor Company, a partnership, with Myrtle Pickelsimer Bramlett as surety on the attachment bond. No bond was posted by the City Motor Company but its counsel moved to dissolve the attachment, which motion was granted November 21, 1952. Subsequently, the case was tried on its merits resulting in a judgment entered in favor of Bramlett on October 7, 1953.

Suit was also filed by the City Motor Company against John A. Bramlett, Jr., and Myrtle Pickelsimer seeking damages in the sum of $5.00 per day for the eight days the car was under attachment and $100.00 as attorneys' fees. The matter was heard before the Judge of the County Court of Greenville County, without a jury, who allowed damages in the sum of $100.00 attorneys' fees but disallowed the $5.00 per day claimed damages for eight days, and appellant now comes to this Court upon the question heretofore stated.

Keeping in mind that the claim for attorneys' fees does not arise out of defending the main suit but rather for appearing and successfully moving to dis-

solve the attachment, we are of the opinion that reasonable attorney's fees are a proper element of damages in a suit brought on an attachment bond. Full annotations on this subject are found at 71 A. L. R. 1459; 25 A. L. R. 580.

"The weight of opinion is that the costs of defending a wrongful or malicious attachment or garnishment, as distinguished from the action on its merits, including reasonable attorneys' fees, constitute a proper element of damages in an action based upon the wrongful attachment or garnishment." 5 Am. Jur. 212, Section 1014.

In the case of *Frick Co., Inc., v. Deiter,* 168 S. C. 289, 167 S. E. 499, attorneys' fees were allowed for releasing the property under attachment by filing a defendant's undertaking. In the instant case, the property in question was released from attachment through the Court upon motion of counsel to dissolve such attachment as having been improperly issued. We see no logical distinction between the two and since there is no question of the reasonableness of the fee there was no error in permitting its recovery in the subsequent suit even though no demand was made at the time of the motion for the dissolution of the attachment. Suit on the bond could only be brought in a subsequent cause of action by service of a summons and complaint upon the principal and surety as no cause of action on the bond existed until the dissolution of the attachment.

We are therefore of the opinion that the order appealed from should be affirmed and it is so ordered.

STUKES and OXNER, JJ., and M. M. MANN, Acting Associate Justice, concur.

LEGGE, J., concurs in result.