22465

PRINCE MANUFACTURING, INC., Respondent, v.
JUS' TENNIS, INC., Appellant.

(339 S. E. (2d) 871)

Supreme Court

*Charles S. Bernstein,* of *Bernstein & Manos,* Charleston, for appellant.

*J. Randolph Pelzer,* of *Pelzer & Chard,* Charleston, *for* respondent.

Submitted Dec. 17, 1985.

Decided Feb. 5, 1986.

NESS, Chief Justice:

This is an appeal from an order refusing to dissolve an attachment. We reverse.

Appellant Jus' Tennis, Inc. bought goods on account from Prince. Jus' Tennis encountered business difficulties, and commenced a heavily-advertised going-out-of-business sale. Jus' Tennis' attorney wrote to all creditors, including Prince, advising them of the sale and the planned distribution of the proceeds to creditors.

Prince brought suit against Jus' Tennis on the account and sought pre-judgment attachment. It alleged the sale was an attempt to dispose of assets to defraud creditors. Attachment was issued.

Jus' Tennis moved to dissolve the attachment and submitted affidavits denying the intent to defraud. The trial judge refused to dissolve the attachment and granted judgment in favor of Prince based on Jus' Tennis' default.

Prince argues the issues regarding attachment are moot since judgment was entered in its favor on the underlying action. We disagree. A judgment for the plaintiff on the merits of a cause of action supporting an attachment is not conclusive that the attachment was not wrongful. 7 C.J.S., *Attachment*, Section 395. Thus, Prince's success on the merits does not moot the issue. See also, *Knighton v. Bramlett,* 226 S. C. 133, 83 S. E. (2d) 753 (1954).

Jus' Tennis argues the attachment was improper because Prince made no showing of fraudulent intent. We agree.

Sale by a debtor in the ordinary course of business is not usually regarded as fraudulent, even though the goods are sold cheaply or the debtor is insolvent. 7 C.J.S., *Attachment*, Section 32. Where a merchant is doing a large business, sometimes selling below cost, and extensively advertising, there is no showing of fraudulent intent sufficient to support an attachment. *Wando Phosphate Company v. Rosenberg,* 31 S. C. 301, 9 S. E. 969 (1889). Under the facts of this case, the trial judge erred in refusing to dissolve the attachment.

In light of our reversal in this issue, it is unnecessary to reach the other exceptions. The judgment against Jus' Tennis on the underlying action is unaffected by this decision.

Reversed.

GREGORY, CHANDLER, and FINNEY, JJ., and LITTLEJOHN, Acting J., concur.

HARWELL, A.J., not participating.